# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT STEVEN CONNOLLY, II, </br></br> Plaintiff, </br></br> v. </br></br> TURN KEY HEALTH, et al., </br></br> Defendants. | ) ) ) ) ) ) ) Case No. CIV-21-26-SLP ) ) ) ) ) |

## ORDER

Plaintiff, appearing pro se, initiated this action under 42 U.S.C. § 1983.[1] Doc. 1.[2] United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. §

---

[1] When Plaintiff initiated this action on January 8, 2021, he had been "confined in Stephens County Jail for 2 years." Doc. 1, at 9. Plaintiff was indicted on information filed May 30, 2019. *State v. Connolly*, Case No. CF-2019-109, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=stephens&number=CF-2019-00109&cmid=10562 (last visited August 23, 2021) (*Connolly*); *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)). Five months after initiating this suit, Plaintiff was found guilty of two of the three charged counts after a jury trial. *Connolly*, Docket Entry Dated May 10, 2021 (Judgment and Sentencing). He was sentenced to pay a fine for both charges. *See id.*

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

636(b)(1)(B), (C). Doc. 4. For the following reasons, the undersigned recommends dismissal of this action without prejudice based on Petitioner's failure to prosecute and failure to follow the Court's rules.

**I.     Discussion.**

After Plaintiff initiated this suit, this Court screened the complaint under 28 U.S.C. § 1915A and ultimately dismissed three of Plaintiff's four claims. Doc. 17 (Order adopting Report & Recommendation). The Court then notified Plaintiff that it was his responsibility to properly serve each of the Defendants according to Rule 4 of the Federal Rules of Civil Procedure. Doc. 18. The Court ordered Plaintiff to return completed service papers to the Clerk of Court within twenty days; because Plaintiff was proceeding pro se, the Court also ordered him to provide sufficient copies of the complaint so the United States Marshals Service could attempt service on Defendants. *Id.*

On July 12, 2021, the Clerk of Court mailed that order, along with the necessary service papers and a copy of the Court's Local Civil Rules, to the address Plaintiff had provided to the Court. Almost a week after the deadline for return of the completed service papers and sufficient copies of the complaint had passed, the Court sua sponte extended the deadline to give Plaintiff an additional fourteen days. Doc. 19. As of the date of this Report and

Recommendation, Plaintiff has neither filed proof of service nor returned any of the necessary service documents to the Clerk of Court.[3]

Under Local Civil Rule 5.4, it is a pro se litigant's responsibility to notify the court and opposing parties of any change of address. LCvR5.4(a). "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.* Further, there is no indication the order to supplement went undelivered as it has not been returned to the Clerk of Court as undeliverable.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). This rule has consistently been interpreted to permit courts to dismiss an action sua sponte. *Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or

---

[3] On August 23, 2021, Plaintiff filed a "Notice," Doc. 20, with substantively new allegations mostly unrelated to his original claims. This new filing is not responsive to the Court's order for service.

Plaintiff's Notice also does not satisfy the requirements for an amended complaint set forth in Federal Rule of Procedure 15 or Local Civil Rule 15.1. It is well beyond the twenty-one days during which Plaintiff could have amended his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff also has not requested leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2); LCvR15.1.

3

defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Plaintiff appears pro se; nonetheless, he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). Plaintiff has not communicated with the Court and has failed to effect service on Defendants.

The undersigned finds that Petitioner's inaction and failure to comply with this Court's order have left the Court without the ability "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution). The undersigned concludes, therefore, that this action be dismissed without prejudice for Plaintiff's failure to comply with this Court's orders, namely failing to submit the necessary paperwork required for service.

## II.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that the Court dismiss this case without prejudice. Adoption of this report and recommendation will render moot any pending motions.

The undersigned advises the Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court on or before September 21, 2021, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of August, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE